**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1421**

STAND UP DIGITAL, INC.,

        Plaintiff - Appellant,

    v.

KEVIN DARNELL HART,

        Defendant - Appellee,

    and

WAYNE BROWN,

        Defendant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, Senior District Judge. (1:18-cv-00919-CMH-MSN)

Submitted: November 30, 2020           Decided: December 10, 2020

Before WILKINSON and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stephen Stine, STINE LAW FIRM, Fairfax, Virginia, for Appellant. Andre P. Barlow, DOYLE, BARLOW & MAZARD PLLC, Washington, D.C.; Donte Mills, MILLS &

EDWARDS LLP, New York, New York, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stand Up Digital, Inc. ("SUD") appeals the district court's order granting summary judgment to Kevin Darnell Hart on its breach of fiduciary duty and breach of contract claims arising out of a dispute over a video game licensing agreement. Finding no error, we affirm.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted). When a "district court's grant of summary judgment disposed of cross-motions for summary judgment, we consider each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law." *Defs. of Wildlife v. N.C. Dep't of Transp.*, 762 F.3d 374, 392 (4th Cir. 2014) (internal quotation marks omitted).

3

To establish a breach of fiduciary duty under Virginia common law,[*] a plaintiff must establish that the defendant had a duty, that the defendant breached that duty, and that it suffered damages. *Carstensen v. Chrisland Corp.*, 442 S.E.2d 660, 666 (Va. 1994). Under Virginia statutory law, a director of a corporation "shall discharge his duties as a director, including his duties as a member of a committee, in accordance with his good faith business judgment of the best interests of the corporation." Va. Code Ann. § 13.1-690(A). "Code § 13.1-690(A) does not abrogate the common law duties of a director. It does, however, set the standard by which a director is to discharge those duties." *Willard ex rel. Moneta Bldg. Supply, Inc. v. Moneta Bldg. Supply, Inc.*, 515 S.E.2d 277, 284 (Va. 1999). Thus, "[i]f a director acts in accordance with that standard, Code § 13.1-690(C) provides a safe harbor that shields a director from liability for any action taken as a director, and for failure to take action." *Id.* (internal quotation marks omitted).

Assuming, without deciding, that Hart breached a duty to SUD, we conclude that the district court correctly applied Va. Code Ann. § 13.1-690(C) in this case. Under this business judgment rule, "a director's discharge of duties is not measured by what a reasonable person would do in similar circumstances or by the rationality of the ultimate decision. Instead, a director must act in accordance with his/her good faith business judgment of what is in the best interests of the corporation." *Willard*, 515 S.E.2d at 284.

---

[*] Because this case was brought under the district court's diversity jurisdiction, we must apply Virginia law as it was determined, or as we predict it would be determined, by the highest court of Virginia. *Liberty Univ., Inc. v. Citizens Ins. Co. of Am.*, 792 F.3d 520, 528 (4th Cir. 2015).

4

"[D]irectors are presumed to have acted properly and in good faith in the exercise of their business judgment . . . and are called to account for their actions only when they are shown to have engaged in self-dealing or fraud, or have acted in bad faith." *Giannotti v. Hamway*, 387 S.E.2d 725, 731 (Va. 1990). Thus, "the proper inquiry focuses on the subjective beliefs of the director and the director's use of a decision-making process that would produce a defensible business decision." *In re Va. Broadband, LLC*, 521 B.R. 539, 566 (Bankr. W.D. Va. 2014) (internal quotation marks omitted).

While SUD contends that Hart did not make any decisions, he in fact made several. Hart chose to have an affair and did not disclose the affair to SUD. Someone then attempted to extort Hart regarding the affair, and Hart did not disclose the extortion attempt to SUD. Hart posted on Instagram, disclosing the affair and apologizing for his conduct in an attempt to thwart the extortion attempt, and he did so without informing SUD. SUD's claim is premised on Hart's failure to disclose this series of events to it.

However, SUD has not provided any evidence that Hart failed to disclose the affair or extortion attempt in bad faith. Hart's disclosure of the affair and extortion attempt on Instagram prior to any other reporting on the matter was a reasonable attempt to manage the scandal. Moreover, Hart's representatives discussed the matter with SUD shortly after the Instagram post, and two SUD executives themselves saw a potential marketing opportunity by attempting to leverage Gold Ambush's family-friendly gameplay with Hart's apology for his conduct. Therefore, the district court correctly granted summary judgment on the fiduciary duty claim.

SUD also argues that Hart failed to satisfy the best efforts provision in the parties' licensing agreement. Under Virginia law, to establish a breach of contract claim, a plaintiff must show "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Navar, Inc. v. Fed. Bus. Council*, 784 S.E.2d 296, 299 (Va. 2016) (internal quotation marks omitted).

We conclude that the district court did not err in rejecting this claim. Hart informed SUD that he was "going dark" on social media given the negative publicity that the game experienced shortly after its launch. Hart then posted on Instagram 11 days after the launch to promote the game. Although SUD faults Hart for using the Stories feature, in which posts are deleted after 24 hours, the contract did not specify what particular methods that Hart had to use to promote the game on social media. And while Hart failed to participate in a promotion at an Apple Store, SUD does not dispute the evidence that Apple did not guarantee a feature in the App Store in return for Hart's appearance. Moreover, the district court correctly noted that Hart's involvement helped SUD raise over $1 million in funding and he participated in promotional opportunities prior to the game's launch.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6